UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSAMBLES HYSON, S.A. DE C.V.; RAIN BIRD CORPORATION; and RAIN BIRD INTERNATIONAL, INC., <br><br> Petitioners, <br><br> v. <br><br> FRANCISCO JAVIER SANCHEZ, <br><br> Respondent. | Case No.:  23-CV-1887 JLS (KSC) <br><br> **ORDER GRANTING PETITIONERS' MOTION TO STAY** <br><br> (ECF No. 22) |

Presently before the Court is the Motion to Stay the Case ("Mot.," ECF No. 22) filed by Petitioners Ensambles Hyson, S.A. de C.V.; Rain Bird Corporation; and Rain Bird International, Inc. (collectively, "Petitioners"). After the Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1), *see* ECF No. 23, Respondent Francisco Javier Sanchez filed his Response ("Resp.," ECF No. 24). Petitioners then elected not to file a reply in support of their Motion. *See* ECF No. 23; Docket. For the reasons that follow, the Court **GRANTS** the Motion.

/ / /

/ / /

/ / /

/ / /

23-CV-1887 JLS (KSC)

## DISCUSSION[1]

Petitioners initiated this action in 2023, hoping to compel Respondent to arbitrate a wrongful termination claim he had raised in Mexico. *See generally* ECF No. 1 ("Pet."). After the Court concluded the Parties had signed an arbitration agreement that delegated issues of arbitrability to an arbitrator, it ordered Respondent to participate in arbitration.[2] *See* ECF No. 15 at 5–9. The Court, however, has twice declined to enjoin Respondent from continuing to prosecute his Mexican lawsuit. *See id.* at 18–19; Order at 29. On the more recent occasion, the Court concluded "an anti-suit injunction cannot be granted to enforce an arbitration agreement until questions of arbitrability are settled." *Id.* at 8. Because the arbitrator had yet to rule on the arbitrability question, the Court denied Petitioners' request for an anti-suit injunction without prejudice. *See id.* at 5, 29.

Petitioners filed the instant Motion after the Court invited the Parties to weigh in on how this case should proceed. *See id.* at 28–29. Petitioners argue for a stay on efficiency grounds; Petitioners explain that they plan to file another anti-suit injunction motion after they receive an arbitrability ruling, which they believe will happen soon. *See* Mot. at 2–3. Meanwhile, though Respondent notes that Petitioners fail to cite authority to support their Motion, he "does not oppose the concept of staying the instant case." Resp. at 1.

The Court, like Respondent, *see id.*, presumes Petitioners intended to rely on the interpretation of 9 U.S.C. § 3 recently announced by the Supreme Court in *Smith v. Spizzirri*, 601 U.S. 472 (2024). *Spizzirri* held that, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act ("FAA")] compels the court to stay the proceeding." 601 U.S. at 478.

---

[1] Rather than rehash the many intricacies of this case, the Court incorporates by reference its June 6, 2024 Order (the "Order," ECF No. 21) and provides only the background necessary to address the instant Motion.

[2] The relevant arbitration proceedings are pending before the American Arbitration Association. *See* Mot. at 4. The assigned arbitrator is Israel Reyes. *Id.*

23-CV-1887 JLS (KSC)

In the Court's view, however, § 3 (and thus *Spizzirri*) does not bear on the present question. Section 3 pertains to suits brought in federal court that contain "issue[s] referable to arbitration." 9 U.S.C. § 3. So, as the Seventh Circuit explained in a post-*Spizzirri* opinion, a district court presiding over § 3 proceedings "will have substantive claims before it that are *distinct from a request to arbitrate*." *Wallrich v. Samsung Elecs. Am., Inc.*, No. 23-2842, 2024 WL 3249646, at *3 (7th Cir. July 1, 2024) (emphasis added). Here, by contrast, the only live issue is the availability of injunctive relief, which does not qualify as a discrete "substantive claim" in this context. *See Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F. Supp. 899, 901 (E.D. Pa. 1991) ("Disputes related to . . . injunctive proceedings are not issues referable to arbitration under § 3."); *cf. Roe v. Aegis Wholesale Corp.*, No. 13-CV-03040-KMT, 2014 WL 4746721, at *12 (D. Colo. Sept. 24, 2014) ("A preliminary injunction is not a freestanding, substantive claim for relief."). This case is thus better categorized as one based on § 4 of the FAA, not § 3.[3]

With § 3 inapposite and *Spizzirri* not on point, the Court will look beyond the FAA to determine whether a stay is appropriate. *See Wallrich*, 2024 WL 3249646, at *5 (stating that, absent an "issue referable to arbitration," any stay a court might enter would "not [be] one authorized under § 3"). District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). A district court "may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). That "rule applies whether the separate proceedings are judicial, administrative, or arbitral in character." *Id.*

///

---

[3] In cases brought under § 4, "the only issue before the district court is a petition to compel arbitration; no underlying substantive claims for relief are raised." *Wallrich*, 2024 WL 3249646, at *3.

23-CV-1887 JLS (KSC)

Given the considerations above, and noting that Respondent does not oppose a stay, the Court will **GRANT** Petitioners' Motion.  Petitioners' pursuit of an anti-suit injunction remains in limbo and cannot proceed until the arbitrator rules on the arbitrability of Respondent's wrongful termination claim.  *See generally* Order.  A stay will allow the Parties to pursue such a ruling and, if necessary, quickly return to this Court to address the possibility of injunctive relief.  Entering a stay is thus the fairest course for the parties and will best promote the interests of securing a just and speedy determination of the action. *See* Fed. R. Civ. P. 1.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Petitioners' Motion and **STAYS** this action pending the arbitrator's ruling on arbitrability.  The Parties **SHALL FILE** a joint status report, not to exceed eight (8) pages, to update the Court on the arbitration proceedings (1) <u>every forty-five (45) days</u> starting from the date of this Order **and** (2) <u>within seven (7) days</u> of the issuance of the arbitrability ruling.

**IT IS SO ORDERED.**

Dated:  July 19, 2024

Hon. Janis L. Sammartino
United States District Judge

23-CV-1887 JLS (KSC)